```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
         HAMMOND DIVISION
```

| | | |
|---|---|---|
| RACE ENGINEERING, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2:07-cv-137 |
| | ) | |
| INTERNATIONAL ASSOCIATION OF | ) | |
| BRIDGE, STRUCTURAL, | ) | |
| ORNAMENTAL, AND REINFORCING | ) | |
| IRON WORKERS LOCAL 395, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

This matter is before the court on the Motion for Contempt Against Plaintiff and its Owners Dennis Rys and Kevin Rys for their Failure to Comply with the April 11, 2008 Subpoenas [DE 26] filed by the defendant, Local 395, on July 11, 2008; the Motion for Rule 11 Sanctions [DE 30] filed by the plaintiff, Race Engineering, Inc., on August 15, 2008; and the Motion to Reopen Discovery and to Continue the Filing Dates for Defendant's Reply in Support of its Motion for Partial Summary Judgment, Defendant's Reply in Support of its Motion for Contempt and Defendant's Response in Opposition to Plaintiff's Motion for Sanctions [DE 39] filed by Local 395 on October 6, 2008. For the following reasons, the Motion for Contempt is **DENIED,** the Motion for Rule 11 Sanctions is **DENIED,** and the Motion to Reopen Discovery and to Continue Filing Dates is **GRANTED IN PART** and **DENIED IN PART.**

Background

This case arises from a labor dispute wherein Race Engineering charges International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers Local 395, with threats, coercion, and restraint in the performance of contracted work for Beta Steel Corporation. The Complaint was filed on April 27, 2007, and the case proceeded without incident through the close of discovery one year later on April 30, 2008. Over two months later, on July 11, 2008, Local 395 asked for sanctions stemming from noncompliance with subpoenas served on April 11, 2008.

In a letter dated April 14, 2008, Local 395 informed Race that it had subpoenaed nine individuals, requiring their testimony at depositions scheduled from April 28, 2008, through April 30, 2008. The subpoenas also ordered each man to produce and permit inspection and copying of a variety of written and electronic documents at the depositions. Conflicts have arisen from three of the subpoenas.

First, Local 395 requests sanctions for contempt because Kevin and Dennis Rys failed to produce the bids - or, according to the deposition transcript, the "numbers underlying the bids that were submitted" - for the Beta contracts. (Deposition of Kevin Rys, p. 55) During Kevin Rys' deposition, he testified that he was unsure of the current location of the bid calculation documents, but he stated that he would search his computer to see

if the data still existed.[1] (Kevin Rys Dep. pp. 32, 56) This prompted a discussion between counsel for the parties about the service of the subpoenas on Race's owners, Kevin and Dennis Rys, in which Race's counsel stated that the subpoenas improperly were served on the Ryses rather than on counsel. Race's failure to produce the bid documents provoked Local 395 to file the Motion for Contempt. However, Race contends in its response that it has provided two of the three bids requested and that the bids are duplicative of the purchase orders resulting from the bids, which already had been produced.

Second, the subpoena served on Jeff Lashuay was undeliverable because he no longer was employed at the location that Race had identified as his current address. On the discovery deadline date, Race included in its First Supplemental Initial Disclosures an updated address change for Lashuay in South Carolina. Because Lashuay had not been deposed, Local 395 relied on the deposition testimony of two other witnesses in support of the Motion for Partial Summary Judgment filed on July 10, 2008. But Race's response to the summary judgment motion included an affidavit from Lashuay. Local 395 now requests the reopening of discovery so that it has the opportunity to depose Lashuay now that Race has revealed accurate contact information, as well as the extension of filing deadlines for its replies to its motions for partial summary judgment and contempt and its response to Race's

---

[1] At the conclusion of Kevin Rys' deposition, the parties stipulated that Dennis Rys' testimony would be substantially the same, and Dennis Rys simply adopted all of Kevin Rys' testimony.

motion for sanctions.[2]

## Discussion

A party has two methods of procuring the deposition of another party: he may use a subpoena under Federal Rule of Civil Procedure 45 to take a deposition of a party witness "in which case failure of the party witness to obey [the subpoena] may be deemed in contempt of the court from which it was issued under Fed. R. Civ. P. 45(e)." 28 Fed. Proc., L.Ed. §65:241. The subpoena may include the command for a person to produce designated materials, again with noncompliance possibly resulting in the sanctions of Rule 45(e). *Id.* But a subpoena is not required either to depose a party or to compel production of documents from a party because the court already has jurisdiction over parties to the case. Though it is not improper to subpoena an opposing party for discovery purposes, it is not necessary. *See* 9A Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 3d* §2460 pp. 462-63 (2008)("A subpoena under Federal Rule 45 is unnecessary to take the deposition of a party . . . . Under Rule 30(b)(2), . . . a notice to a party may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of a deposition. Nothing more is required of the party taking the deposition.");

---

[2] Local 395 was granted two extensions of time to reply to its own Motion for Contempt and to respond to Race's Motion for Rule 11 Sanctions on August 25, 2008, and October 1, 2008. This third request for extension is the first to include the request to reopen discovery for the purposes of deposing Lashuay, and the entirety of the motion is dedicated to the background and argument of the Lashuay deposition. Nothing in the motion proposes a justification to support a third extension of the response and reply.

*Int'l Brotherhood of Electrical Workers, Local 474 v. Eagle Electric Co., Inc.*, 2007 WL 622504 at *4 (W.D. Tenn. Feb. 22, 2007)(discussing same). Use of the rules of discovery, namely Federal Rules of Civil Procedure 30 and 34, provide guidelines for proper notice of a deposition and requests for documents and make the use of Rule 45 subpoenas unnecessary.

Race correctly points out that if Local 395 had conducted the Ryses' depositions and document requests under Rules 30 and 34, the requests would have been untimely. The use of subpoenas forced compliance by the opposing party in a shorter time period than the normal discovery rules provide.[3] The April 14, 2008, letter to Race's counsel provided the initial notice of the discovery requests, leaving 16 days for Race to provide its responses. The subpoena also should have been served on counsel to the Ryses. Likewise, the resolution of discovery conflicts between parties without requiring court intervention was wholly absent here.

Despite this departure from normal discovery practice, Race's representatives appeared as directed by the subpoenas and came bearing the documents they could locate in the time provided. Since that time, however, Race has had ample time to search and apparently has located all but one of the requested documents. Race asserts that the bid computations are regularly purged from computers and that it is unable to locate the remain-

---

[3] This is not to suggest that this court approves of this procedure. In all likelihood, the subpoenas would have been quashed if Race had made a timely request.

ing requested bid. In addition, Race states that all the requested bids are irrelevant due to its provision of the corresponding Purchase Orders.

Because Race complied with the subpoenas with the sole exception of one requested bid document, Race and its owners are not in contempt. The inability to produce the lone bid does not constitute "fail[ure] without adequate excuse to obey the subpoena" exacting contempt in Rule 45(e) and does not compel the award of a daily fee that Local 395 seeks. However, Race is prohibited from introducing into evidence the bid which it was unable to procure for Local 395. Because Local 395 chose to utilize Rule 45 subpoenas rather than ordinary discovery devices, it is responsible for the fees incurred in attempting to procure discovery in this manner. Therefore, the Motion for Contempt is **DENIED.**

Under Federal Rule of Civil Procedure 11, a court may impose sanctions if a party presents pleadings or motions to the court "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Kathrein v. Monar*, 218 Fed.Appx. 530, 531 (7th Cir. 2007); *Vollmer v. Selden*, 350 F.3d 656, 659 (7th Cir. 2003). Race contends that Local 395's Motion for Contempt was filed in an attempt to harass and increase costs for Race, as well as delay the progress of the underlying cause of action.[4] It is difficult to find evi-

---

[4] Local 395 has not yet responded to Race's Motion for Rule 11 Sanctions, relying on its compound Motion to Reopen Discovery and to Continue the Filing Dates for Defendant's Reply in Support of its Motion for Partial Summary

dence supporting charges of harassment or purposeful elevation of litigation costs. The use of the subpoenas rather than the usual notices of deposition and requests for production reveals a possible time-management problem in carrying out discovery, but contrary to Race's Motion for Sanctions, does not constitute a violation of the Rules of Civil Procedure. *See generally* 28 Fed. Proc., L.Ed. §§65:232-241 (discussing the relationship between Rule 45 and Rule 34). In fact, when faced with a looming discovery deadline, Local 395's use of Rule 45 subpoenas was a creative way to escape the deadline. Race had 14 days to object to the production requirements of the subpoenas under Rule 45(c)(2)(B) but did not. *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 894 (S.D. Ind. 2006); *Minnesota School Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629-30 (N.D. Ill. 1999). The only violation that occurred was the service of the subpoenas directly on party opponents without serving opposing counsel. If Race believed that service was improper or felt that the subpoenas were seeking documents without good cause, Race should have objected. By not objecting, Race waived all rights to dispute the subpoenas, and the court will not impose sanctions for the filing of the Motion for Contempt in an attempt to complete the process. Therefore, the Motion for Rule 11 Sanctions is **DENIED**.

---

Judgment, Defendant's Reply in Support of its Motion for Contempt and Defendant's Response in Opposition to Plaintiff's Motion for Sanctions [DE 39]. The latter portion of this Opinion and Order discusses this briefing deficiency.

Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. *Campania Management Co., Inc., v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002); *Briesacher v. AMG Resources, Inc.*, 2005 WL 2105908 at *2 (N.D. Ind. Aug. 31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Here, because Lashuay's correct whereabouts were not provided to Local 395, yet Race submitted an affidavit from Lashuay in opposition to the pending Motion for Partial Summary Judgment, Local 395 has shown good cause to modify the discovery deadline. Therefore, the court **GRANTS** the motion to the extent that Local 395 will be allowed 30 days from the entry of this order in which to depose Lashuay, and another ten days from that date to submit its reply to the Motion for Partial Summary Judgment.

Because Local 395 made no attempt to confer with Race to agree upon a third extension of time per Local Rule 6.1(b) and because the outstanding deposition of Lashuay is unrelated to the Motion for Contempt and the Motion for Rule 11 Sanctions, the court in its discretion **DENIES** the extension of time for Local 395 to reply to its own Motion for Sanctions and respond to the Motion for Rule 11 Sanctions.

_____

For the foregoing reasons, the Motion for Contempt Against Plaintiff and its Owners Dennis Rys and Kevin Rys for their Failure to Comply with the April 11, 2008 Subpoenas [DE 26] filed by the defendant, Local 395, on July 11, 2008, is **DENIED**; the Motion for Rule 11 Sanctions [DE 30] filed by the plaintiff, Race Engineering, Inc., on August 15, 2008, is **DENIED**; and the Motion to Reopen Discovery and to Continue Filing Dates for Defendant's Reply in Support of its Motion for Partial Summary Judgment, Defendant's Reply in Support of its Motion for Contempt and Defendant's Response in Opposition to Plaintiff's Motion for Sanctions [DE 39] filed by Local 395 on October 6, 2008, is **GRANTED IN PART** and **DENIED IN PART**. Local 395 will be allowed 30 days from the entry of this order in which to depose Lashuay and another ten days from that date to submit its reply to the Motion for Partial Summary Judgment.

ENTERED this 28th day of January, 2009

s/ Andrew P. Rodovich
United States Magistrate Judge